UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY _____ D.C.

JUN 1 3 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

Dr. Jason S. Hansra,
 Plaintiff,

v.

Marcella Nadolny,
 Corporal Kelsey Tercero, Officer Esnel Solis Exposito,
 Officer J. Woods, Lt. Chris Goldhorn,
 Collier County Sheriff's Office,
 Kevin Rambosk,
 Nico Vitale,
 Edwin Gomez, M.D., Amanda Costa, Rafael Rodas, Ariela VanHara,
 David Lawrence Center,
 City of Naples,
 Sheriff's Department Executives, including department Captains and administrative
supervisors,
 John and Jane Does 1–10 (unknown officers and officials),

Case No. TBD

CIVIL RIGHTS COMPLAINT
 COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
 (Jury Trial Demanded)

INTRODUCTION

Plaintiff Dr. Jason S. Hansra, an entrepreneur, intellectual property owner, consultant, ordained Christian Bishop, certified shamanic healer, spiritual counselor, political advisor, and honorary Colonel with the Universal Life Church, brings this civil rights action under 42 U.S.C. §§ 1983 and 1985, the ADA, and related federal laws. Plaintiff is also a dual citizen of the United States and Canada and holds the ceremonial title of The Right Honorable Lord Bishop Jason Hansra. Plaintiff alleges he was subjected to unlawful psychiatric detention, retaliation, legal sabotage, and conspiracy to deprive him of civil and constitutional rights. The misconduct involves multiple government officials, law enforcement officers, legal actors, medical professionals employed at the David Lawrence Center and the City of Naples, as well as private actor Marcella Nadolny. Plaintiff reserves the right to amend this Complaint as more facts are uncovered. Plaintiff expressly reserves the right to amend this Complaint to identify additional defendants, claims, and factual allegations as discovery proceeds and further documentation is obtained. Plaintiff expressly reserves the right to add judicial officers as defendants should discovery reveal that they acted outside the scope of their judicial capacity or participated in conduct exceeding the bounds of judicial immunity.

JURISDICTION & VENUE

This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this action occurred within the Southern District of Florida, specifically in the City of Naples, Collier County.

FACTUAL ALLEGATIONS

Plaintiff was wrongfully detained under Florida's Baker Act on June 13, 2021, in Naples, Florida, based on false claims from his ex-wife Marcella Nadolny. Corporal Kelsey Tercero, who had not completed the state-mandated 40-hour mental health training, made the decision to detain Plaintiff solely based on Marcella's accusations, without seeking Plaintiff's side or verifying evidence.

Plaintiff was calm and cooperative throughout, as seen on bodycam footage. Despite calling 911 himself to report a suspected break-in and poisoning incident involving his service dog, he was treated as a suspect, mocked by officers, and forcibly handcuffed and detained. Officer Esnel Solis Exposito, whose bodycam footage was mysteriously unavailable, acted with hostility and attempted to provoke Plaintiff. Officer David Donzati later fabricated a statement in an official report that was inconsistent with Marcella's own affidavit and unsupported by any communication records.

While detained, Plaintiff was falsely diagnosed with bipolar disorder and substance abuse without appropriate psychiatric evaluation. Drug and alcohol tests conducted by the David Lawrence Center showed Plaintiff had no alcohol in his system and only tested positive for his prescribed Adderall and legal CBD products. Nonetheless, records were falsified by Rafael Rodas, Edwin Gomez, Amanda Costa, Ariela VanHara, and others to support unlawful continued detention. Plaintiff was told he would not be released unless he admitted to abusing medications.

Facility staff falsified psychiatric records, inserted fabricated narratives, and ignored Plaintiff's ADHD diagnosis, longstanding treatment records, and neurodivergent history. Multiple individuals documented by name made knowingly false assertions to justify continued confinement.

Plaintiff presented irrefutable evidence that Marcella Nadolny committed prescription fraud by illegally obtaining Plaintiff's Ambien medication without authorization. Records and signatures from Walmart on Juliet Blvd confirm that she filled the prescriptions without Plaintiff's knowledge or consent. Despite this, Lt. Chris Goldhorn and the Collier County Narcotics Division failed to prosecute or investigate, amounting to misprision of felony under 18 U.S.C. § 4.

Meanwhile, Plaintiff was charged with contempt based on fabricated statements by Officer Donzati, despite no communication, message, or voicemail being made. The contradiction between Marcella's affidavit and Donzati's false additions constitutes fabrication of evidence and malicious prosecution. Donzati is listed on the Brady list of known corrupt officers.

As a direct result of this widespread corruption, Plaintiff was issued a restraining order under false pretenses, resulting in reputational harm, seizure of personal and business

assets exceeding $1 million, and deep emotional trauma. His service dog was endangered, his medical autonomy violated, and his constitutional rights repeatedly trampled.

The City of Naples, the Collier County Sheriff's Office, and their supervisors including Sheriff Kevin Rambosk, failed to train, discipline, or supervise their officers and department heads. The misconduct described herein was systemic and facilitated by policy and practice. Captains and department attorneys with supervisory responsibility also acted with deliberate indifference or active complicity.

## SUPPLEMENTAL FACTUAL BASIS: ORGANIZED CRIMINAL ENTERPRISE – NADOLNY FAMILY AND ASSOCIATES

Plaintiff further asserts that substantial evidence exists connecting Defendant Marcella Nadolny and multiple members of the Nadolny family to a long-standing, multi-jurisdictional criminal enterprise involving fraud, concealment of records, and government corruption. Records and sealed court documents confirm that:

- Kenneth Nadolny Sr. was indicted for bank fraud in the Southern District of New York (Case 1:12-cr-00850-RJS and Case 1:12-mj-02405-UA) and entered a plea agreement after cooperating with federal authorities, including testifying in USA v. Robinson. He is believed to be a high-level FBI informant with protection from prosecution in exchange for turning over other criminal parties.
- Kenneth Nadolny Jr. was incarcerated for fraud and theft; Plaintiff has jail letters from 2015 and 2017 and visited him in a New York jail in 2019.
- Marcella Nadolny, the Defendant, has had multiple fraud-related warrants and is confirmed to have been sued by former employers for fraud, including cases dated 11/6/2013, 4/4/2018, and 8/8/2018. She was found by the Unemployment Insurance Appeal Board of the State of New York to have committed "willful misrepresentations."
- Kelly Nadolny and Kyle Nadolny are also believed to be trained participants in the fraudulent schemes operated by the family and protected from prosecution through corrupt influence.
- The Robinson twins (aliases: Greg, Graig, or Craig, aka "Bone") are believed to have direct connections to the Nadolny family and were allegedly deployed to intimidate or harm Plaintiff as part of an organized intimidation campaign.

Plaintiff has seen sealed records, communications, and evidence indicating that multiple cases involving these individuals were suppressed or dismissed through manipulation of the legal process. Plaintiff believes that certain state agencies, court officials, and even attorneys knowingly allowed this fraud to persist.

Marcella Nadolny and her family are also believed to have manipulated multiple bankruptcies, orchestrated fraudulent lawsuits, and used offshore accounts (including in Curaçao) to conceal assets. Her bankruptcy attorney, Adrianne Lynn, is suspected of

working in coordination with Marcella and her father.

This organized criminal structure, with deep infiltration into law enforcement, the judiciary, and potentially federal agencies, mirrors the behavior of traditional RICO entities and represents a danger not only to Plaintiff but to the public at large. Plaintiff respectfully requests that the United States Department of Justice, the U.S. Marshals Service, and relevant federal watchdogs be alerted to this expansive scheme, and that appropriate protective, investigatory, and prosecutorial action be undertaken.

This criminal structure, which originated in Coral Springs, Florida, and has since expanded across multiple jurisdictions, meets the legal and evidentiary requirements of a RICO enterprise under 18 U.S.C. § 1961 et seq.

CAUSES OF ACTION

I. VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
II. ABUSE OF PROCESS
III. MALICIOUS PROSECUTION
IV. FABRICATION OF EVIDENCE
V. CONSPIRACY TO DEPRIVE CIVIL RIGHTS (42 U.S.C. § 1985)
VI. RICO VIOLATIONS (18 U.S.C. § 1961 et seq.)
VII. FAILURE TO TRAIN AND SUPERVISE
VIII. DEFAMATION AND THERAPIST ABUSE
IX. DISABILITY DISCRIMINATION UNDER ADA
X. DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Declare that Defendants' conduct violated Plaintiff's constitutional rights.

2. Enter judgment in Plaintiff's favor on all claims.

3. Award compensatory and punitive damages in an amount to be determined at trial.

4. Issue injunctive relief, including:
   a. Expungement of Plaintiff's Baker Act record and criminal contempt charges.
   b. Protection for Plaintiff and his service dog.
   c. Preservation and production of all bodycam and medical records.
   d. Referral of all criminal and ethical violations to the U.S. Attorney, DOJ Civil Rights Division, and appropriate state bars.
   e. Appointment of the U.S. Marshals to serve and protect Plaintiff and aid in enforcement.

      f. Vacatur and dissolution of the fraudulently obtained restraining order.

5. Declare all named defendants, including law enforcement, medical staff, legal counsel, and public employees liable in both their official and individual capacities, allowing attachment of personal assets.

6. Award attorneys' fees and costs under 42 U.S.C. § 1988.

7. Grant any other relief deemed just and proper by the Court.

Respectfully submitted,

Dr. Jason S. Hansra
Pro Se Plaintiff